IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHANIE PHILLIPS, et al. : CIVIL ACTION
:
v. :
: No. 12-2363
ST. MARY MEDICAL CENTER, et al. :

**MEMORANDUM**

Ludwig, J.                                                                         March 19, 2013

Defendants move to dismiss Count II of the complaint for lack of subject matter jurisdiction (standing), Fed. R. Civ. P. 12(b)(1), and Count I for failure to state a claim for which relief can be granted, Fed. R. Civ. P. 12(b)(6).

This action was filed for plaintiffs Stephanie and Zachary Phillips, sister and brother, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. and the Rehabilitation Act, 29 U.S.C. § 794. Jurisdiction is federal question, 28 U.S.C. § 1331.

According to the complaint, plaintiffs are deaf and communicate primarily by American Sign Language. Complaint, ¶ 9. From May 18 through May 21, 2011, their father was a terminal cancer patient at defendant St. Mary Medical Center in Newtown, PA. Id., ¶ 12. Their father, who was not deaf, could not communicate by ASL. Id., ¶ 11. On May 18, upon arriving at St. Mary to see his father, Zachary advised staff he was deaf and requested an ASL signer in order to communicate with his father and with St. Mary's staff. Id., ¶¶ 15-16. His request was denied. Id., ¶ 17. On May 19, he repeated his request and on arriving at St. Mary on May 20 with Stephanie (who had also requested an ASL signer), was provided with a signer for five minutes. Id., ¶¶ 25-29. Plaintiffs'

request that another signer be provided was then denied, Id., ¶¶ 31-32, and again the next day. Id., ¶ 37, 39. On May 21, on arrival at St. Mary, plaintiffs found their father comatose. He died later that day. Id., ¶ 41. Without a signer, plaintiffs were unable to communicate with their father or their step-mother, or with doctors and social workers involved in their father's care. Id., ¶¶ 35, 36, 39, 40. They were not informed when their father was dying, or given any other information relevant to his condition. Id., ¶¶ 36, 40.

Count I of the complaint alleges violations of the Rehabilitation Act, 29 U.S.C. § 794. Under the act, plaintiffs were "companions" to their father as that term is defined in ADA regulations, 20 CFR § 306.33(c), and were entitled to receive services enabling them to enjoy the procedures, services and facilities available to all hearing companions of St. Mary's patients. St. Mary is subject to the Rehabilitation Act. Its failure to provide an ASL interpreter constituted a violation of the Rehabilitation Act. See Count I.

Count II of the complaint alleges violations of the ADA, which is also applicable to St. Mary. The failure to make reasonable accommodation available by providing an ASL signer so as to assure that plaintiffs would be able to enjoy the same services available to hearing people also is a statutory violation. See Count II.

As to Count II, plaintiffs request injunctive relief in the form of a mandate requiring St. Mary to afford "as appropriate, effective communication to deaf companions of their patients." Prayer for Relief, ¶ 3.

Defendants[1] maintain that plaintiffs do not have standing to request relief under Title III of the ADA because the facts in the complaint do not allege that plaintiffs' use of St. Mary is "imminent." Lujan v. Defender of Wildlife, 504 U.S. 555, 560-61 (1992). They also urge dismissal of plaintiffs' Rehabilitation Act claim on the ground that plaintiffs did not require defendants' services and are therefore not entitled to the Act's protection. In response to plaintiffs' allegation that plaintiffs were their father's "companions" and therefore entitled to protection, defendants note that this claim is based on regulations promulgated under the ADA, not the Rehabilitation Act, and no equivalent regulations exist under the Rehabilitation Act. In short: plaintiffs were visitors, not patients, and the patient in question did not require the use of a signer to avail himself of the hospital's services. Brief in Support of Defendants' Motion to Dismiss (doc. no. 9).

Count II of plaintiffs' complaint will be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).[2] Plaintiffs will be granted leave to file an amended complaint. As to plaintiffs' Rehabilitation Act claim, it will be denied without prejudice to refiling in a motion for summary judgment after the close of discovery. Fed. R. Civ. P. 12(b)(6).[3]

---

[1] Catholic Health East, Inc. is also a named defendant as the owner and operator of St. Mary. Complaint, ¶ 7.

[2] A motion to dismiss for lack of standing goes to the court's subject matter jurisdiction and is brought under Fed. R. Civ. P. 12(b)(1). Miller v. Hygrade Food Prods. Corp., 89 F.Supp.2d 643, 646 (E.D. Pa. 2000). Defendants emphasize that their challenge to Count II is facial rather than factual at this stage, and reserve their right to make a factual attack if appropriate. Defendant' memorandum at 5 n.4.

[3] Deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6) requires a two-part analysis:

As to plaintiffs' lack standing to obtain injunctive relief under Title III, the "irreducible constitutional minimum of standing" consists of three elements:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.' . . ." Second, there must be a causal connection between the injury and the conduct complained of. . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal citations omitted). Standing is evaluated at the time of the filing of the complaint. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 190-91 (2000).

At issue here is the second prong of the first element – the actual or imminent threat of injury to plaintiffs if the requested injunctive relief is not granted. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." Lujan, at 564 (citations omitted). In order

---

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint fails to state a viable claim. Id., at 211 (citations omitted).

Defendants' position is that plaintiffs cannot rely on regulations promulgated under the ADA as a basis for their entitlement to relief under the Rehabilitation Act. Plaintiffs counter: "[w]hether suit is filed under the Rehabilitation Act or under the Disabilites Act, the substantive standards for determining liability are the same." McDonald v. Commonwealth of Pa., 63 F.3d 92, 94-95 (3d Cir. 1995). In light of this broad statement, it cannot be said at this stage of the litigation that plaintiffs have not stated a plausible claim for relief. See Bell Atantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

to state a basis for a claim for injunctive relief, the complaint must allege that injury to plaintiffs is "certainly impending." Id. at 564 n.2. A stated intent to return "someday" to the source of the alleged injury is not sufficient. Id. See, e.g., Lyons v. City of Los Angeles, 461 U.S. 95 (1983) (plaintiff lacked standing to request injunctive relief barring LAPD from use of control holds because "'odds' that [plaintiff] would not only again be stopped for a traffic violation but would also be subjected to a chokehold without any provocation whatsoever" were not sufficient to suggest imminent harm).

The imminency requirement is applicable in Title III cases. See Doe v. Nat'l Board of Med. Exam'rs., 199 F.3d 146, 153 (3d Cir. 1999) (threat of disability-based discrimination was actual and imminent where it had already occurred and was "sure" to occur again unless enjoined); O'Brien v. Werner Bus Lines, Inc., 1996 WL 82482, at *4-6 (E.D. Pa., filed Feb. 26, 1996) (citing cases describing elements required for standing and granting summary judgment in defendant's favor on plaintiffs' request for injunctive relief under Title III where plaintiffs could not show a real and imminent threat of repeated injury by defendant).

Here, the complaint alleges that Zachary Phillips is a resident of Lower Bucks County and lives within 10 miles of St. Mary; his primary physician has privileges at St. Mary and has offices on or near the St. Mary campus; Stephanie Phillips is Zachary's lawful power of attorney and health care power of attorney with the sole right to make health care decisions on Zachary's behalf in the event he becomes incapacitated; it is highly likely that Zachary

5

will use the services of St. Mary in case of an emergency, which would, in turn, necessitate Stephanie's use of the facilities as his sister and lawful health care power of attorney. Complaint, ¶¶ 65-69.

However, the complaint does not allege that Zachary has sought the services of St. Mary before, or that it is the closest hospital to his home in the event of an emergency. Therefore, as to Zachary, the complaint does not adequately allege a "real and imminent threat of repeated injury sufficient to confer standing for injunctive relief," see Schroedel v. New York Univ. Med. Ctr., 885 F. Supp. 594, 599 (S.D.N.Y. 1995) (threat of future harm "mere speculation" where plaintiff had been patient at hospital only twice before), citing Aikins v. St. Helena Hosp., 843 F. Supp. 1329, 1333-34 (N.D. Cal.1994) (plaintiff wife, who was deaf, was denied ASL interpreter when husband was hospitalized; standing lacking for injunctive relief – no threat of imminent harm where complaint alleged only that plaintiff's mobile home was seven miles from defendant hospital and she resided there several days a year).

Stephanie's claim is even more attenuated. Stephanie lives in Virginia and it is not alleged that she will go to St. Mary for medical care. Her claim, instead, is derivative of Zachary's. In order for her to suffer an injury because of the denial of an ASL signer, Zachary would need to be admitted to St. Mary with an incapacitating injury or illness sufficient to require her to travel to Pennsylvania and exercise her power of attorney. This scenario does not allege a "real and imminent threat" sufficient to amount to standing.

Count II of plaintiffs' complaint will be dismissed with leave granted to file an amended complaint. An order accompanies this memorandum.

BY THE COURT:


/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.